IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDWARD K. SHIGEMURA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-12-694-C |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se and in forma pauperis, brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), seeking damages arising from the alleged destruction or loss of his personal property. Magistrate Judge Gary M. Purcell issued a Report and Recommendation on July 23, 2012, recommending that Plaintiff's cause of action under the FTCA be dismissed with prejudice for lack of subject matter jurisdiction. Plaintiff timely filed an objection to the Report and Recommendation on August 6, 2012, relying on the 2000 amendments to the FTCA as a jurisdictional basis. The Court considers the matter de novo.

The FTCA authorizes suits against the United States for "money damages . . . or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [or her] office or employment." 28 U.S.C. § 1346(b)(1). However, this waiver of sovereign immunity is subject to the "detention exception," which bars claims arising from "the detention of any goods, merchandise, or other property by any officer of customs . . . or any other law enforcement officer." 28

U.S.C. § 2680(c). This language was amended by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 981, "to create an exception to the exception," or to override the detention exception with respect to a narrow category of claims. Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008). This re-waiver of sovereign immunity only applies if the claimant satisfies all four statutory conditions:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
> (2) the interest of the claimant was not forfeited;
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

28 U.S.C. § 2680(c)(1)-(4).

Plaintiff asserts that all property seized should be considered seized pursuant to CAFRA, and should therefore fall within the exception to the detention exception, for which sovereign immunity is waived. However, in order to satisfy the first requirement of the CAFRA exception, Plaintiff must demonstrate that his property "was seized *for the purpose of forfeiture*." 28 U.S.C. § 2680(c)(1) (emphasis added). This language has been construed to apply "only to property seized *solely* for the purpose of forfeiture," not property seized for another law enforcement objective. Foster v. United States, 522 F.3d 1071, 1075 (9th Cir. 2008). Under this interpretation, "the fact that the government may have had the possibility of a forfeiture in mind when it seized Plaintiff's property does not detract from the application of the detention of goods exception" if there was an additional legitimate law

enforcement purpose for the initial seizure. Id. Plaintiff's mere statement that all seized property should be considered seized pursuant to CAFRA is insufficient to trigger the re-waiver of sovereign immunity in 28 U.S.C. § 2680(c)(1)-(4). The facts indicate that Plaintiff's property was seized during his arrest, pursuant to a legitimate law enforcement objective. Therefore, the FTCA's waiver of sovereign immunity does not apply to the circumstances alleged by Plaintiff.

Plaintiff also argues a hearing is necessary to determine who was in control of his detained property. Plaintiff does not dispute that the FBI agents who detained his property are law enforcement officers for the purpose of 28 U.S.C. § 2680(c). See Ali v. Federal Bureau of Prisons, 552 U.S. 214, 220 (2008) (interpreting the phrase "any other law enforcement officer" expansively, to mean "law enforcement officers of whatever kind"). Plaintiff instead questions whether these officers were also in charge of processing and maintaining the seized property, or whether those functions were performed by a civilian employee. However, "property seized by law enforcement officers and transferred to a third party is deemed still 'detained' by the officers." United States v. Norwood, 602 F.3d 830, 833 (7th Cir. 2010) (citing Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002)). Therefore, it is unnecessary to hold a hearing to establish the detention policies and procedures of the Federal Bureau of Investigation's office.

Accordingly, the Court ADOPTS in full the Report and Recommendation of the Magistrate Judge and Plaintiff's cause of action under the FTCA is DISMISSED with

prejudice for lack of subject matter jurisdiction. Because no amendment can cure the defect, the dismissal is an adjudication on the merits and a judgment will enter.

    IT IS SO ORDERED this 14th day of August, 2012.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge